In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-25-00166-CR
_____

### LONNIE FRANK HARRISON JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 28,220**

## MEMORANDUM OPINION

A grand jury indicted Appellant Lonnie Frank Harrison Jr. ("Appellant" or "Harrison") for indecency with a child by sexual contact, a second-degree felony, indecency with a child by exposure, a third-degree felony, and two counts of aggravated sexual assault of a child, first-degree felonies.[1] *See* Tex. Penal Code

---

[1] The indictment for the aggravated sexual assault was initially filed in trial cause number 28,221, and later it was consolidated into cause number 28,220 before trial.

Ann. §§ 21.11, 22.021. Harrison pleaded "not guilty," but the jury found Harrison guilty of the offenses of indecency with a child by sexual contact and indecency with a child by exposure. At a hearing on punishment, the trial court sentenced Harrison to twenty years of confinement for indecency with a child by sexual contact and two years of confinement for indecency with a child, with the sentences running concurrently. Harrison timely filed an appeal.

On appeal, Appellant's court-appointed attorney filed a brief stating that she has reviewed the case and, based on her professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Harrison to file a pro se brief, and we received no response from Harrison.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate

Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

    AFFIRMED.


LEANNE JOHNSON
Justice

Submitted on May 20, 2026
Opinion Delivered May 27, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[2] Harrison may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.